No. 24-1225

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

United States of America,

    Plaintiff-Appellee

v.

Justin Cutbank,

    Defendant-Appellant

Appeal from the United States District Court for the District of Minnesota

Honorable Michael J. Davis
United States District Judge

Brief of Defendant-Appellant Justin Cutbank

Douglas B. Altman (13854X)
11128 Mill Run
Minnetonka, MN 55305
(952) 454-5653

Attorney for Defendant-Appellant Justin Cutbank

# SUMMARY OF THE CASE

On February 8, 2022, a Federal grand jury returned a one - count indictment charging Mr. Cutbank with the crime of armed career criminal in possession of a firearm in violation of 18 §§ 922(g)(1) and 924(e)(1). On March 17, 2023, a jury found him guilty as charged.

Mr. Cutbank was sentenced to 292 months' imprisonment on January 24, 2024. He timely filed his notice of appeal.

Mr. Cutbank alleges two errors, including (1) a number of erroneous evidentiary and procedural rulings, which infected the proceedings, and require a vacation of his conviction; and (2) the erroneous application of Sentencing Guidelines enhancement §2K2.1(b)(6)(B) for the possession of any firearm in connection with another felony offense.

Mr. Cutbank respectfully requests fifteen (15) minutes of oral argument.

# TABLE OF CONTENTS

                                                            **Page**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT .............................................. 1

STATEMENT OF ISSUES ........................................................... 2

STATEMENT OF THE CASE ..................................................... 3

SUMMARY OF ARGUMENT ..................................................... 6

ARGUMENT ................................................................................. 6

1. The District Court erroneously allowed testimony, and made other erroneous rulings, which, taken as a whole, infected the entire proceeding, and require a vacation of the guilty verdict.

2. The District Court erroneously applied USSG §2K2.1(b)(6)(B), the Sentencing Guidelines enhancement for the possession of a firearm in connection with another felony offense.

CONCLUSION ............................................................................10

CERTIFICATE OF COMPLIANCE

ADDENDUM:

1.      Judgment in a Criminal Case

# TABLE OF AUTHORITIES

**CASES:** **Page**

*United States v. Ballew*, 40 F.3d 936 (8th Cir.1994) ..........................................**2,7**

*United States v. Bledsoe*, 445 F.3d 1069 (8th Cir. 2006)..................................**2,7**

*United States v. Boesen*, 541 F.3d 838 (8th Cir. 2008) ......................................**2,7**

*United States v. Erhart*, 415 F.3d 965 (8th Cir. 2005)............................................**8**

*United States v. Gustafson*, 528 F. 3d 587 (8th Cir 2008) .................................**2,7**

*United States v. Hudson*, 129 F.3d 994 (8th Cir. 1997)............................................**7**

*United States v. Razo - Guerra*, 534 F.3d 970 (8th Cir. 2008).........................**2,7**

## STATUTES AND RULES:

18 §§ 922(g)(1)..................................................................................................**1,3**

18 §§ 924(e)(1) .................................................................................................**1,3**

18 §§ 3553.........................................................................................................**8,9**

USSG §2K2.1(b)(6)(B)(Enhancement) ............................................................**6,8,9**

# JURISDICTIONAL STATEMENT

The Honorable Michael J. Davis, Senior United States District Judge for the District of Minnesota, presided at Mr. Cutbanks' trial and sentencing hearing. The Government invoked the jurisdiction of the District Court pursuant to 18 U.S.C. §3231.

On February 8, 2022, a Federal grand jury returned a one - count indictment charging Mr. Cutbank with the crime of armed career criminal in possession of a firearm in violation of 18 §§ 922(g)(1) and 924(e)(1). On March 17, 2023, he was found guilty as charged by a jury.

Following the guilty verdict, Mr. Cutbank was sentenced to 292 months' imprisonment on January 24, 2024. He timely filed his notice of appeal on February 5, 2024. He invokes the jurisdiction of this Court pursuant to 18 U.S.C. §3742 and 28 U.S.C. §1291.

# STATEMENT OF ISSUES

## I.

1. The District Court erroneously allowed testimony, and made other erroneous rulings, which, taken as a whole, infected the entire proceeding, and require a vacation of the conviction.

*United States v. Gustafson*, 528 F. 3d 587 (8th Cir 2008)

*United States v. Ballew,* 40 F.3d 936, (8th Cir.1994), *cert. denied,* (1995).

## II.

The District Court erroneously applied USSG §2K2.1(b)(6)(B), the Sentencing Guidelines enhancement for the possession of a firearm in connection with another felony offense.

*United States v. Boesen*, 541 F.3d 838 (8th Cir. 2008)

*United States v. Razo - Guerra*, 534 F.3d 970 (8th Cir. 2008)

# STATEMENT OF THE CASE

## I.

## Procedural History

On February 8, 2022, a Federal grand jury returned a single - count indictment charging Mr. Cutbank with the crime of armed career criminal in possession of a firearm in violation of 18 §§ 922(g)(1) and 924(e)(1). On March 17, 2023, he was found guilty as charged.

Following the guilty verdict, Mr. Cutbank was sentenced to 292 months imprisonment on January 24, 2024. He timely filed his notice of appeal. He invokes the jurisdiction of this Court pursuant to 18 U.S.C. §3742 and 28 U.S.C. §1291.

## II

## Erroneous Rulings

While Mr. Cutbank agrees that a sufficiency of the evidence argument is not compelling in his case, there are numerous other reasons for a defendant to elect to go to trial, e.g., the rejection of a proposed plea agreement, which occurred in this case (R. Doc.175 at 8-12, 18), or a desire to put the Government to its proof, arguably a basis for a defendant not to testify, which also occurred in this case (R. Doc. 170 at 31-33). Once a defendant elects a trial, he is entitled to a fair one.

Wrongly decided rulings defeat the fair trial requirement, particularly in a one-person case like Mr. Cutbank's case, where the Court's rulings against him, good or bad, applied to him alone. The following is a list of those rulings, which, when viewed collectively, establish the court as an advocate for the defense, and require vacation of his conviction:

1.  Pretrial Conference (March 7, 2023) (R. Doc. 98)

Defendant's Supplemental Jury Instructions (R. Doc. 93) included a limited use instruction dealing with a scenario where the alleged victim would not be testifying first and her statements would come in through police officers testifying earlier. To avoid this confrontation clause violation and a conviction based on hearsay, Mr. Cutbank suggested that this non-victim evidence only be considered after the victim testifies. Without explanation, the Court denied the defense request (R. Doc. 98, at 3-5).

2.  Jury Trial (March 14, 2023, Volume II) (R. Doc.182)

In pretrial hearings and at trial, the Government, over objection, offered conflicting versions of Mr. Cutbank's alleged possession of a firearm. For example, one trial witness advised an officer of a "possible gun." The victim herself stated that she could not "generally describe" the gun allegedly pointed at her by Mr. Cutbank, but then advised, over objection, that she had previously seen Mr. Cutbank with that gun a number

6

of times.[1]  Defense efforts to cross examine on this testimony were then thwarted by the Court (R.Doc. 182, at 181-183, 193-195).  The Court's rulings were erroneous.

Later in her trial testimony, when pressed about the gun, the victim advised that "my sister was killed by a gun."  Defense counsel moved to strike this damaging testimony as unresponsive, but the Court ruled the answer would stand (R.Doc.182, at 201).  The Court's ruling was error.

In summary, as outlined above, the Court made a number of erroneous rulings that seriously affected the fairness of the proceedings.  The shortness of the trial, and the fact that Mr. Cutbank was the sole defendant, only exacerbated the impact of these improper rulings.

### III.

### Sentencing Guidelines Objection

In the Position of Defendant Regarding Sentencing (R. Doc. 140), Mr. Cutbank objected to the United States Sentencing Guidelines enhancement in the PSR (R. Doc. 133) for possession of a firearm in connection with another felony, USSG §2K2.1(b)(6)(B), which provides for an additional four (4) offense levels (Enhancement).  This enhancement surfaced in a rather unusual

---

[1] In addition to the trial objection, the existence and preservation of the objection concerning prior gun possession was discussed at the pretrial conference held on December 6, 2022 (R .Doc. 174, at 1-3).

way. Missing from the preliminary PSR, the Government sought the Enhancement's inclusion in the final PSR in its letter response to the preliminary PSR (R. Doc.123). The Probation Office then included the Enhancement in the final PSR (R. Doc. 133 at paragraph 17). As a result of the Enhancement's inclusion, the sentencing range increased from 262-327 months to 292-365 months.

## Summary of Arguments

Mr. Cutbank makes two arguments. First, the Court made a number of procedural and evidentiary rulings that warrant vacation of the conviction. Second, the Court improperly applied the USSG Enhancement for possession of a firearm in connection with other felonies, resulting in a significant increase in his sentencing range.

## Argument

### I.

**The District Court erroneously allowed testimony, and made other erroneous rulings, which, taken as a whole, infected the entire proceeding, and require a vacation of the conviction.**

The Eighth Circuit reviews evidentiary rulings for abuse of discretion. *United States v. Gustafson*, 528 F. 3d 587, 590 (8th Cir 2008). Even when an evidentiary ruling is improper, the Court will reverse a conviction on this basis only when the ruling affected substantial rights or had more than a

slight influence on the verdict. *United States v. Ballew,* 40 F.3d 936, 941 (8th Cir.1994), *cert. denied,* (1995).

As noted above, the Court made a number of evidentiary and procedural rulings, which, when viewed collectively, satisfy the abuse of discretion standard and affected Mr. Cutbank's substantial rights.

**II.**

**The District Court erroneously applied the USSG enhancement for the possession of a firearm in connection with other felony offenses enhancement.**

The factual recitations in the PSR are not evidence, *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997). When the defendant objects, and the relevant responsive evidence has not already been produced at trial, the Government has the burden of proving the enhancement by a preponderance of the evidence. *United States v. Razo - Guerra*, 534 F.3d 970, 976 (8th Cir. 2008); *United States v. Boesen*, 541 F.3d 838, 850 (8th Cir. 2008); *United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006).

The Eighth Circuit then reviews de novo the district court's construction and application of the Sentencing Guidelines, and it reviews for clear error the district court's factual findings. *United States v. Erhart*, 415 F.3d 965 (8th Cir. 2005).

The District Court erred in applying, over defense objection, the

9

4-point Enhancement for possession of a firearm in connection with another felony offense. First, there was an insufficient showing that a 292 months' sentence complied with the core principle of 18 U.S.C. 3553 (a), namely that this sentence was sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. 3553(a)(2).[2]

Mr. Cutbank and the Government discussed 18 U.S.C. 3553 in their 18 U.S.C. 3553 sentencing positions, (R. Doc. 140 and R. Doc. 142). The Court's reference to 18 U.S.C. 3553 was minimal (Sentencing Hearing Transcript, R. Doc. 160 at 22):

---

To that end, the court shall consider (1) the nature and characteristics of the offense and the history and characteristics of the defendant;

(2)　the need for the sentence imposed –
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, or other correctional treatment in the most effective;

(3)　the kinds of sentences available;

(4)　the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and

(5)　the need to provide restitution to any victims of the offense.

> The Court has also – will apply the factors under Title 18 3553(a), in sentencing the defendant here today.

This conclusory statement is insufficient to support a finding of 3553 compliance.

Finally, Mr. Cutbank anticipates a prosecution argument that the application of the Enhancement made no difference, since a 292 months' sentence was a guidelines sentence if the sentencing range was 262-327 months or 292-365 months. That argument misses the point. If the Court was of a mind to impose a bottom of the range sentence, the application of the Enhancement would thwart this leniency and tack on an additional 2-3 years. See Position of Defendant Regarding Sentencing (R. Doc. 140 at 3). Additionally, the PSR already included a number of enhancements not objected to by the defense PSR 16, 17, and 20. This supports a sentiment that another 4 points is nothing more than "piling on." The Court should exercise its discretion and reject this application.

## CONCLUSION

In conclusion, for the reasons above, Mr. Cutbank respectfully requests this Court to vacate his conviction.

Dated: July 16, 2024

                                      s/Douglas B. Altman
                                      Douglas B. Altman (13854X)
                                      Attorney for Justin Cutbank
                                      11128 Mill Run
                                      Minneapolis, MN 55305
                                      (952) 454-5653

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Nos. 24-1225

United States of America,

        Plaintiff-Appellee

                                Certificate of Compliance

v.

Justin Cutbank,

        Defendant-Appellant

1.     This brief complies with type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 1957 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14-point Times Roman.

Dated: July 16, 2024

                                              s/Douglas B. Altman
                                              Douglas B. Altman
                                              Attorney for Justin Cutbank